**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Louis Huff, | No. CV-19-00251-TUC-EJM |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

Petitioner William Louis Huff filed a pro se Petition for a Writ of Habeas Corpus ("PWHC") pursuant to 28 U.S.C. § 2254 on May 3, 2019. (Doc. 1). Petitioner raises four grounds for relief. In Ground One, Petitioner asserts an Eighth Amendment violation because the terms of his sentence agreed to during plea negotiations are not being respected by the Arizona Board of Executive Clemency ("ABOEC"). In Ground Two, Petitioner alleges he has not been able to ask questions about his sentence computation in violation of his Fifth Amendment due process rights. In Ground Three, Petitioner argues that Arizona Statutes enacted after his conviction and sentence changed the length of imprisonment, and that because he has already served one third of his minimum sentence under the "old code" and "copper time" rules, his sentence violates the ex post facto clause. In Ground Four, Petitioner alleges his prison time computation sheet incorrectly states that he was charged with first degree murder and sentenced to life imprisonment.

Respondents filed an Answer contending that the PWHC is an unauthorized successive petition, that it is untimely, and that neither statutory nor equitable tolling apply

to excuse the untimely petition. (Doc. 15). Respondents further argue that all of Petitioner's claims are procedurally barred by lack of exhaustion or procedural default.

Petitioner filed a Reply stating that he is not challenging his conviction or sentence, and is not challenging his 1985 parole revocation. (Doc. 16). Petitioner clarified that what he is challenging is his home arrest violation and related constitutional and civil rights violations.

For the reasons discussed below, the Court will dismiss the § 2254 petition with leave to file an amended petition, and will stay this action so that Petitioner may exhaust his state court remedies.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Plea and Sentencing

The following summary is taken from this Court's Order in CV 15-035-FRZ-BGM (Doc. 9 at 2):

> Because of the age of Petitioner's criminal cases, records concerning those cases are not readily available online. News accounts from 1967 reflect the following general background: in 1967, when he was sixteen years old, Petitioner pleaded guilty to two murders: second degree murder in federal court, *Huff Gets Life in Prison for Girl's Slaying*, Arizona Republic, Oct. 17, 1967, at 25, and murder in Cochise County Superior Court, *Huff Gets 40-to Life in 2nd Slaying Case*, Tucson Daily Citizen, Oct. 25, 1967, at 1. Petitioner was sentenced to life in the federal case and to 40 years to life in the state case with the sentences to run concurrently. *Id.*, *see Huff v. Ryan*, No. CV 11-0773-TUC-FRZ (BPV), 2012 WL 6804101, at *1 (D. Ariz. Sept. 12, 2012).

Based on the Court's review of the dockets in this case and Petitioner's prior actions in this Court, the Court notes the following: In 1982 the Arizona Board of Pardons and Paroles paroled Petitioner from his state sentence to his federal sentence subject to lifetime state parole.[1] In 1983 he was released to a halfway house, was subsequently charged with a parole violation and returned to federal prison, and then again released again to a halfway house in 1984. Petitioner's state parole was revoked in 1985 and he was returned to federal

---

[1] *See* Doc. 18 in CV 11-773-TUC-FRZ-BPV and Doc. 7 in CV 19-044-TUC-FRZ; *see* Doc. 9 in CV 15-035-FRZ-BGM for a more detailed explanation of Petitioner's federal and state parole history.

custody. He was released to home arrest on January 4, 2016.[2] On October 24, 2017 Petitioner was released from federal custody; *i.e.*, his federal sentence was discharged and he was transferred back to the Arizona Department of Corrections custody.[3] On November 26, 2018 a warrant was issued for Petitioner for a home arrest violation and he was reincarcerated in state prison. Petitioner's home arrest was revoked by the ABOEC on January 9, 2019. Petitioner states that he was most recently denied parole again on September 18, 2019. (Doc. 18).

**B.  State Court Proceedings**

In his PWHC, Petitioner states that he did not file a direct appeal to the Arizona Court of Appeals and that "paperwork is in preparation." (Doc. 1 at 2, 5). For each of his four grounds for relief in the PWHC, Petitioner states that is currently preparing a Rule 32 and direct appeal.

Respondents state that Petitioner filed a petition for review with the Arizona Court of Appeals on May 1, 2019. (Doc. 15 at 3; Ex. C). After Petitioner failed to file a copy of the state court decision that he was seeking review of, the COA dismissed the action with leave for Petitioner to seek post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. *Id.* at Ex. F.

Respondents also state that Petitioner filed a Rule 32 Petition on June 20, 2019, but that that the Cochise County Superior Court had not taken any action on it. (Doc. 15 at 2; Ex. A). This Court reviewed the Cochise County Superior Court docket on March 26, 2020. The docket shows that Petitioner's Rule 32 was dismissed on November 6, 2019. On February 24, 2020, Petitioner filed another Rule 32 petition and motion in the same action. At the time of this Order, the Cochise County Superior Court had not issued any order as to those pleadings. Accordingly, Petitioner's state court proceedings are ongoing.

**C.  Federal Court Proceedings**

**i.  First Habeas Petition**

---

[2] *See* https://corrections.az.gov/public-resources/inmate-datasearch (search last name "Huff," first initial "W") (last accessed March 30, 2020).
[3] *See* http://www.bop.gov/inmateloc/ at Inmate 07338-116 (last visited March 30, 2020).

On November 30, 2011, Petitioner filed a PWHC in this Court raising four grounds for relief. (Doc. 1 in CV 11-773-TUC-FRZ-BPV). In Ground One, Petitioner alleged that he was currently incarcerated due to the denial of due process in connection with revocation of parole granted in 1985.[4] In Ground Two, he alleged that "Parole Board members" vindictively and in a retaliatory and racially discriminatory way extended his incarceration for pre-textual reasons. In Ground Three, Petitioner alleged that the ABOEC violated his Eighth Amendment right not to be subjected to cruel and unusual punishment by retroactively applying new criteria at parole hearings.[5] In Ground Four, Petitioner alleged that the ABOEC violated the ex post facto clause by applying laws that were not in effect at the time he was convicted and sentenced.[6]

The magistrate judge found that AEDPA's one-year statute of limitations began to run on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. (Doc. 18 at 4 in CV 11-773-TUC-FRZ-BPV). Thus, because Petitioner's claims were based on his 1985 parole revocation, the claims were discoverable sometime in 1985. *Id.* at 6. However, because AEDPA did not go into effect until April 24, 1996, Petitioner had one year from the Act's enactment to file his habeas petition—April 24, 1997. The Court found that Grounds One and Three were therefore untimely. The Court further found that the remainder of Petitioner's claims were based on the ABOEC's continued denial of parole and that these claims were also untimely because the successive denials of parole which did not involve separate factual predicates did not warrant separate statute of limitations calculations. *Id.* at 6–7. The Court further found that neither statutory nor equitable tolling applied to excuse the untimeliness of the petition. *Id.* at 8–9. The District Court ultimately adopted the magistrate judge's report and recommendation to dismiss the PWHC as untimely and dismissed the case with prejudice.

### ii.   Second Habeas Petition

On January 26, 2015, Petitioner filed a Motion for Special Action, which the Court

---

[4] This appears to be the same claim as Ground Two of the present petition.
[5] This appears to be the same claim as Ground One of the present petition.
[6] This appears to be the same claim as Ground Three in the present petition.

- 4 -

docketed as a PWHC. (Doc. 1 in CV 15-035-TUC-FRZ-BGM). Petitioner was granted leave to file an Amended Petition and asserted seven grounds for relief seeking commutation of his state sentence. (Doc. 10 in CV 15-035-TUC-FRZ-BGM). Petitioner then filed a response stating he was granted release to home arrest and that he wanted to dismiss the portion of his case seeking commutation. (Doc. 14 in CV 15-035-TUC-FRZ-BGM). The Court dismissed the First Amended Petition without prejudice and granted leave for Petitioner to file a Second Amended Petition to set forth any claims for which he was still seeking relief. (Doc. 15 in CV 15-035-TUC-FRZ-BGM). When Petitioner failed to file a second amended petition, the Court dismissed the case without prejudice. (Doc. 17 in CV 15-035-TUC-FRZ-BGM).

### iii. § 1983 Petition

On January 28, 2019 Petitioner filed a § 1983 civil rights action alleging three claims for relief. (Doc. 1 in CV 19-044-TUC-FRZ). In Count One, Petitioner alleged that the ABOEC violated his Eighth Amendment rights by using incorrect information on his sentence computation sheet to extend his sentence beyond the term set by the trial court and that his sentence was illegally changed to straight life. Petitioner also made arguments regarding his eligibility for parole under the "copper time" rules. In Count Two Petitioner alleged that he was charged with violating his home arrest condition that prohibited him from having contact with persons under the age of 18. Petitioner claimed he had no knowledge that visitors were coming and that if he had known, he would have explained to his parole officer. Petitioner also alleged that he was subject to double punishment because he had already spent 48 years in prison and 3 years on an ankle monitor. In Count Three, Petitioner argued that because his case was high profile in Arizona, he could not receive a fair parole hearing, and the ABOEC was vindictive and unlawfully keeping him in prison.

The Court dismissed the § 1983 action for failure to state a claim because the Arizona Department of Corrections was not a proper defendant, because Petitioner failed to allege that defendant Charles Ryan had personally deprived Petitioner of his

constitutional rights, because Petitioner did not connect any of his allegations to named Defendants Crabtree, Loew, Flores, or Settles, and because Petitioner's claim for damages was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 7 in CV 19-044-TUC-FRZ). The Court further noted that habeas proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his confinement, and that Petitioner must bring his claims in a § 2254 petition. The Court further cautioned that before it may grant habeas relief, a petitioner must first exhaust his remedies in state court, and that if Petitioner did not exhaust his state remedies, his petition would be subject to dismissal.

### iv. The Instant Petition

Petitioner filed his PWHC on May 3, 2019. (Doc. 1). He states that is not challenging his judgment of conviction, but is challenging questionable decisions by the parole board. Petitioner's main argument appears to be that he was wrongly charged with a home arrest violation and reincarcerated, and that the ABOEC is biased against him and refuses to grant him parole.[7] Petitioner requests that the Court grant modification of his sentence to a lesser sentence.

In his Reply, Petitioner further clarifies that what he is challenging is his home arrest violation and related constitutional and civil rights violations. (Doc. 16; *see also* Doc. 12). Petitioner explains that his home arrest was revoked because he did not have prior authorization or permission from his parole officer to have contact with a minor under age 18. However, Petitioner argues that his conditions of supervision state that he cannot have contact with minors without a parent or legal guardian present "and/OR" prior authorization or permission. (Doc. 12-1 at 6). In this instance, the minor's parents and Petitioner's fiancé were all present and Petitioner was not left alone with the minor. Thus, Petitioner argues that he did not actually violate his release conditions. Petitioner further alleges that the ABOEC wrongly applied statutes that were not in effect at the time of his original conviction and sentence, that the ABOEC allowed a convicted felon with

---

[7] The Court notes that Petitioner appears to be confusing parole eligibility with an entitlement to parole. While under the old "Copper time" rules prisoners became parole-eligible after serving one third of their minimum sentence, there is no *entitlement* to parole after serving a certain number of years.

questionable credibility to testify against him, and that an Arizona Department of Corrections representative erroneously testified that Petitioner was convicted of prison homicide in 1979. (Doc. 16 at 4–5).

## II. DISCUSSION

### A. Jurisdiction

As an initial matter, the Court must consider whether the present petition is a second or successive petition.

> [A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, and if the petition challenges the same state court judgment as the initial petition. Stating the second criterion in the converse, a petition is not second or successive if it is based on an intervening state court judgment—e.g., a new sentencing determination—notwithstanding that the same claim challenging a conviction (or even the new sentence) could have been brought in the first petition. Nor is a petition second or successive if the factual predicate for the claim accrued only after the time of the initial petition.

*Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841 (2019) (internal quotations and citations omitted). A federal habeas petition is "successive" if the claim in the petition was or could have been previously adjudicated on the merits in the prior petition and the reasserted claim was not previously dismissed without prejudice to allow for its proper exhaustion in state court. *Cooper v. Calderon*, 274 F.3d 1270, 1272–73 (9th Cir. 2001).

A second or successive federal habeas corpus petition may not be filed in the district court unless previously authorized by the appropriate federal court of appeals. *See* 28 U.S.C. 2244(b)(3)(A); *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). If a petitioner does not first obtain the court of appeals' authorization, the district court lacks jurisdiction to consider the second or successive petition. *See United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011); *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007).

Here, although Petitioner's pleadings are not a model of clarity, the essence of what Petitioner is trying to argue is that he was wrongly charged with a home arrest violation in November 2018 and that the ABOEC wrongfully revoked his home arrest in January 2019.

Thus, these claims were not (and could not have been) raised in Petitioner's prior habeas petitions filed in 2011 and 2015. *See Brown*, 889 F.3d at 672 ("a factual predicate accrues at the time the constitutional claim ripens—i.e., when the constitutional violation occurs"); *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) ("A prisoner whose conviction and sentence were tested long ago may still file petitions relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding."); *Hill v. State of Alaska*, 297 F.3d 895, 899 (9th Cir. 2002) (habeas petition challenging calculation of mandatory parole release date was not successive or second petition so that petitioner was not required to request permission from the Court of Appeals to file such petition; such parole-related claim could not have been included in other petitions challenging his conviction and sentence and district court never ruled on merits of parole-related claims in previous petitions); *see also Crouch v. Norris*, 251 F.3d 720, 725 (8th Cir. 2001) (denying petitioner's application for permission to file a successive petition as unnecessary where petition challenging denial of parole did not raise "a claim challenging his conviction or sentence that was or could have been raised in his earlier petition" and was not otherwise an abuse of the writ and was therefore not "second or successive" for purposes of § 2244(b)); *Magwood*, 561 U.S. at 324 (habeas petition not second or successive where petitioner was challenging new judgment for the first time). Accordingly, the Court finds that the instant petition is not an unauthorized second or successive petition, and the Court has proper jurisdiction over it.[8]

**B. Timeliness**

The Court must consider also whether Petitioner's PWHC is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in

---

[8] However, to the extent that Petitioner's claims in Grounds One through Four reassert claims that he already raised in his 2011 habeas petition and were dismissed by the Court with prejudice, the present PWHC is an improper second/successive petition. And, because Petitioner has failed to obtain authorization from the Ninth Circuit to file a second/successive petition, this Court does not have jurisdiction over the claims in Grounds One through Four under 28 U.S.C. § 2244(b)(3)(A).

violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).

Here, Petitioner's claims concern a home arrest violation and the revocation of his home arrest. The date on which the factual predicate of Petitioner's home arrest violation was discovered was either on November 25, 2018 (the date that probation officers visited Petitioner and discovered the minor in the home) or November 26, 2018 (the date that the arrest warrant issued). The date on which Petitioner's home arrest was revoked by the ABOEC was January 9, 2019. Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations would expire one year from each of these incidents, thus making Petitioner's May 3, 2019 PWHC timely.[9] *See Gilardi v. Ryan*, No. CV-17-00609-TUC-RM-BPV, 2018

---

[9] However, to the extent that the PWHC raises any claims in Grounds One through Four that were not already raised in the 2011 petition, the claims are untimely under 28 U.S.C. § 2244(d)(1). In Ground One, Petitioner alleges that the terms of his sentence agreed to in his plea are not being respected by the ABOEC. In Ground Two, Petitioner alleges that his Fifth Amendment due process rights have been violated because he has been prevented from asking questions about his sentence computation. In Ground Three, Petitioner argues that his sentence violates the ex post facto clause because he has already served 1/3 of the

WL 4112109, at *6 (D. Ariz. Aug. 29, 2018), *report and recommendation adopted*, 2018 WL 6696877 (D. Ariz. Dec. 20, 2018) ("the statutory timeline for any claims arising from the revocation of probation would begin to run when the judgment that revoked the petitioner's probation became final." (internal quotations and citation omitted)).

## C. Exhaustion

Ordinarily, a district court may not grant a petition for a writ of habeas corpus filed by a petitioner in state custody unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). The exhaustion inquiry focuses on the availability of state remedies at the time the petition for writ of habeas corpus is filed in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Exhaustion of state remedies requires a petitioner in state custody to fairly present his federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Sanders v. Ryder*, 342 F.3d 991, 1000 (9th Cir. 2003), *cert. denied*, 541 U.S. 956 (2004).

In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claims to the Arizona

minimum required under "copper time" rules. In Ground Four, Petitioner alleges tampering and altering of evidence because his computation sheet shows that his sentence was changed from second degree murder to life imprisonment for first degree murder. The factual predicate for each of these claims occurred well before the present PWHC was filed in May 2019, thus making the claims untimely.

The Court notes that in some circumstances statutory or equitable tolling may be applied to toll the statute of limitations. The one-year limitation period under AEDPA is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). In certain limited circumstances, AEDPA's one-year filing deadline may be equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he can demonstrate "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). An extraordinary circumstance is one that is "beyond a prisoner's control [that] make[s] it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). The Court finds that neither statutory nor equitable tolling apply to the claims in Grounds One through Four. The Court declines to undertake any further analysis here because, as explained in this Order, the essence of Petitioner's claims concern the home arrest violation and revocation of his home arrest, not the claims set forth in Grounds One through Four.

Court of Appeals either on direct appeal or in a petition for post-conviction relief. *Crowell v. Knowles*, 483 F. Supp. 2d 925 (D. Ariz. 2007).

A federal court may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518–519 (1982)). In *Rhines*, however, the Supreme Court held that "a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Id.* at 271–72; *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district court has the discretion to stay and hold in abeyance fully unexhausted petitions under *Rhines*). This discretion is to be exercised under "limited circumstances," because "routinely granting stays would undermine the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] goals of encouraging finality and streamlining federal habeas proceedings." *Blake v. Baker*, 745 F.3d 977, 981–82 (9th Cir. 2014); *see also Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) ("It is true that a trial court has the inherent authority to control its own docket and calendar . . . At the same time, habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy . . . Consequently, although a short stay may be appropriate in a habeas case . . . we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case.").

Section 2254 proceedings are governed by AEDPA, which imposes a one-year statute of limitations for the filing of a federal habeas petition. While that limitations period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review,' [28 U.S.C.] § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Rhines*, 544 U.S. at 274–75. A stay under *Rhines* "eliminates entirely any [AEDPA statute of] limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009).

Here, Petitioner's PCR proceedings are ongoing in state court. While neither Petitioner nor Respondents have provided this Court with any of the recent filings from the Cochise County Superior Court proceedings, the claims in Petitioner's habeas petition may relate to the pending state petition and thus the habeas claims are not yet exhausted.

To avoid having to later seek leave from the Ninth Circuit to file a second or successive habeas corpus case as to his pending state claims, Petitioner could voluntarily dismiss or seek to voluntarily dismiss his current habeas corpus case without prejudice by following the procedures set forth in Rule 41(a) of the Federal Rules of Civil Procedure. If he did so, he could file a new habeas corpus case that includes all of the claims he wants to raise, including claims from his pending PCR proceedings. However, although the one-year statute of limitations for filing a habeas corpus case is tolled during the pendency of a properly filed application for state post-conviction relief and a properly filed petition for review of the denial of Rule 32 relief, the one-year statute of limitations is not tolled for the period during the pendency of an *improperly filed* Rule 32 proceeding or an *improperly filed* petition for review. Thus, if Petitioner chose to voluntarily dismiss this habeas action and later file a new habeas corpus case, statute of limitations issues could potentially prevent Petitioner from timely filing a new habeas corpus petition.[10]

Therefore, the Court finds that it is appropriate to stay this matter until the completion of Petitioner's state PCR proceedings. While *Rhines* instructs that "the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in

---

[10] *See Mitchell*, 791 F.3d at 1172 n.5 ("It is, of course, possible that in some cases a petitioner could successfully return to federal court after he exhausts his claims, even without a stay. For example, a petitioner whose petition is dismissed under *Lundy* could have time remaining on the AEDPA statute of limitations; that period is tolled during the pendency of 'a *properly* filed application for State post-conviction or other collateral review.' 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, he might exhaust his remaining claims and file a second habeas petition, all within the statute of limitations. But, because a petition may be deemed not 'properly' filed after years of litigation, *see, e.g., Evans v. Chavis*, 546 U.S. 189, 200, 126 S. Ct. 846, 163 L.Ed.2d 684 (2006), it is generally impossible for a petitioner to know *in advance* whether he will be successful in bringing his dismissed claims back to federal court. . . . Because of this *ex ante* danger that the petitioner will not be granted the benefit of statutory tolling for some unforeseen reason, the denial of a motion to stay and abey a habeas petition should be treated as presumptively dispositive of unexhausted claims.").

- 12 -

AEDPA" and that a "petition should not be stayed indefinitely[,]" Petitioner is currently actively pursuing relief in state court; thus, the stay will be limited in time. 544 U.S. at 277.

**D. Conclusion**

In sum, the Court finds that the instant petition is not technically an unauthorized second or successive petition because Petitioner is not actually challenging his original conviction or sentence. Nor is Petitioner challenging any of the parole revocation proceedings that occurred prior to his home arrest revocation and that either were brought or could have been brought in his previous habeas petitions. What Petitioner is challenging is his home arrest violation that occurred in 2018 and the ABOEC decision to revoke his home arrest in 2019. Petitioner makes this clear in his "In Depth Reply." However, Petitioner's pleadings are not a model of clarity, and the four grounds of relief that he lists in his § 2254 petition are not actually tied to the home arrest violation. Thus, the Court finds that it is in the interests of justice to allow Petitioner to file a new § 2254 petition that sets forth his claims for relief specifically as they relate to his home arrest violation and revocation.

The Court further notes that Petitioner still has Rule 32 proceedings pending in state court. The Court does not have copies of Petitioner's most recent Rule 32 petition and motion and thus it is not clear what claims Petitioner is asserting to the trial court. Because these proceedings are still ongoing, Petitioner's claims are unexhausted. As the Court previously cautioned Petitioner, before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If Petitioner has not exhausted his claims in state court before filing a new § 2254 petition, his petition will be subject to dismissal. 28 U.S.C. § 2254(b)(2); *see Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

Thus, because Petitioner still has proceedings pending in Cochise County Superior Court, this Court lacks jurisdiction to determine Petitioner's unexhausted claims. The Court recognizes that Petitioner is attempting to assert habeas claims regarding his home arrest violation and revocation. But Petitioner must first properly exhaust those claims in

state court. Accordingly, the Court will dismiss the PWHC without prejudice so that Petitioner may exhaust his claims in state court. The Court will also grant a limited-in-time stay until Petitioner's state PCR proceedings are complete. Petitioner may then file an amended PWHC to assert his claims regarding the home arrest violation and revocation.

If Petitioner files an amended petition, he must use the court-approved form, set forth each claim in a separate ground, and specifically allege in each ground the particular federal constitutional right allegedly violated, with supporting facts. For example, if Petitioner claims his due process rights are violated, he must also include the federal rights violated, such as the Fifth and Fourteenth Amendments of the United States Constitution. The amended petition must be retyped or rewritten in its entirety on the court approved form and may not incorporate any part of the original Petition by reference. Any amended petition submitted by Petitioner should be clearly designated as such on the face of the document. An amended petition supersedes the original petition. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. *Ferdik*, 963 F.2d at 1262.

The Court expresses no opinion as to the merits of Petitioner's claims.

### III.  CONCLUSION

Accordingly, based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. The PWHC is dismissed without prejudice, and with leave to amend, so that Petitioner may exhaust his state court remedies. (Doc. 1).

2. This matter is hereby stayed until Petitioner's state court proceedings are complete.

3. Petitioner must diligently pursue his state remedies.

4. Within 30 days of the date of this Order, Respondents must inform the Court of the status of Petitioner's proceeding in state court. Every 90 days after the filing of the initial status report, Respondents must file a report regarding the status of the state court proceedings.

5. Petitioner must file a notice with this Court within 30 days after the final disposition

of his state court proceedings.

6. Petitioner shall have 60 days after filing the notice that his state court proceedings have concluded to file an amended PWHC.

7. The Court grants Petitioner leave to file a new § 2254 petition specifically asserting grounds for relief that are related to his 2018 home arrest violation and 2019 home arrest revocation.

8. The Clerk of Court must mail Petitioner the current court-approved form for filing a "Petition Pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty)."

9. Respondents must file an Amended Answer within 40 days after Petitioner files his amended petition, including copies of the state court documents for Petitioner's proceedings in Cochise County Superior Court and the Arizona Court of Appeals. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209–11 (2006).

10. Petitioner may file a reply within 30 days from the date of service of the amended answer.

11. Petitioner's Motions (Docs. 12, 17, 18, 19, and 20) are denied.

12. If Petitioner fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).

Dated this 6th day of April, 2020.

Eric J. Markovich
United States Magistrate Judge

- 15 -

**Instructions for Filing a Petition Under 28 U.S.C. § 2254
for a Writ of Habeas Corpus by a Person in State Custody
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.   You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.   You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.   **This form should not be used in death penalty cases.**   If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**   The form must be typed or neatly handwritten.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages.   The form, however, must be completely filled in to the extent applicable.   You do not need to cite law.   If you want to file a brief or arguments, you must attach a separate memorandum.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.   The filing fee for this action is $5.00.   If you are unable to pay the filing fee, you may request permission to proceed in forma pauperis by completing and signing the Application to Proceed In Forma Pauperis provided with the petition form.   You must have an official at the prison or jail complete the certificate at the bottom of the application form.   If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.   LRCiv 3.5(b).

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your petition and of any other document submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should **file your petition in the division where you were convicted**.   *See* LRCiv 5.1(b).   If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division.   If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.   If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division. *See* LRCiv 5.1(b) and 77.1(a).

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed in forma pauperis to:**

<table>
<tr><td>Phoenix & Prescott Divisions:</td><td>**OR**</td><td>Tucson Division:</td></tr>
<tr><td>U.S. District Court Clerk</td><td></td><td>U.S. District Court Clerk</td></tr>
<tr><td>U.S. Courthouse, Suite 130</td><td></td><td>U.S. Courthouse, Suite 1500</td></tr>
<tr><td>401 West Washington Street, SPC 10</td><td></td><td>405 West Congress Street</td></tr>
<tr><td>Phoenix, Arizona  85003-2119</td><td></td><td>Tucson, Arizona  85701-5010</td></tr>
</table>

7.   <u>Change of Address</u>.   You must immediately notify the Court and respondents in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed in forma pauperis). Each original document (except the initial petition and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.   Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____
                       Attorney for Respondent(s)

_____
(Signature)

9.   <u>Amended Petition</u>.   If you need to change any of the information in the initial petition, you must file an amended petition.   The amended petition must be written on the court-approved petition for writ of habeas corpus form.   You may amend your pleading once without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.   LRCiv 15.1.   An amended petition may not incorporate by reference any part of your prior petition.   LRCiv 15.1(a)(2).   **Any grounds not included in the amended petition are considered dismissed**.

10.   <u>Exhibits</u>.   If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging. **Do not submit any other exhibits with the petition.**   Instead, you should paraphrase the relevant information in the petition.   The respondents are obligated to provide relevant portions of the record.

Any exhibits you attach should be individually labeled (e.g. "Exhibit 1," "Exhibit 2," etc.) and attached at the **end** of your petition. **Exhibits should not be placed in the middle of your petition.**

11. <u>Letters and Motions</u>. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Warnings</u>.

    a. <u>Judgment Entered by a Single Court</u>. You may challenge the judgment entered by only one court. Multiple counts which resulted in a judgment by the same court may be challenged in the same petition. If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

    b. <u>Grounds for Relief</u>. You must raise all grounds for relief that relate to this conviction or sentence. Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

    c. <u>Exhaustion</u>. In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court. If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed. If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

## FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your petition being stricken or dismissed by the Court. All questions must be answered concisely in the proper space on the form. If you need more space, you may attach additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

Name and Prisoner/Booking Number

Place of Confinement

Mailing Address

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Petitioner)

                    Petitioner,

v.

_____ ,
(Name of the Director of the Department of
Corrections, Jailor or authorized person having custody
of Petitioner),

                    Respondent,
                    and
The Attorney General of the State of _____,

                    Additional Respondent.

CASE NO. _____
            (To be supplied by the Clerk)


**PETITION UNDER 28 U.S.C. § 2254
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
(NON-DEATH PENALTY)**

## PETITION

1. (a)  Name and location of court that entered the judgment of conviction you are challenging: _____
_____
_____

   (b)  Criminal docket or case number: _____

2. Date of judgment of conviction:  _____

3. In this case, were you convicted on more than one count or crime?      Yes ☐          No ☐

**530**

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

_____

_____

_____

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.  (a) What was your plea?

Not guilty                      ☐

Guilty                           ☐

Nolo contendere (no contest)      ☐

(b)   If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

_____

_____

_____

(c)   If you went to trial, what kind of trial did you have?   (Check one) Jury ☐ Judge only ☐

7.  Did you testify at the trial?       Yes ☐          No ☐

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
Yes ☐      No ☐

If yes, answer the following:

(a)   Date you filed: _____

(b)   Docket or case number: _____

(c)   Result: _____

(d)   Date of result: _____

(e)   Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

2

9.  Did you appeal to the Arizona Supreme Court?   Yes ☐        No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

    _____
    _____
    _____
    _____
    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10. Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐        No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

    _____
    _____
    _____
    _____
    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?   Yes ☐        No ☐

    If yes, answer the following:

(a)  First Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____
_____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____
_____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)  Third Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

|  | Arizona Court of Appeals: | | Arizona Supreme Court: | |
|---|---|---|---|---|
| (1)  First petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (2)  Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3)  Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.   State the <u>facts</u> supporting each ground.

**CAUTION:**  To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.   Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE**: _____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals?  Yes ☐     No ☐

(c) If yes, did you present the issue in a:
          Direct appeal       ☐
          First petition       ☐
          Second petition    ☐
          Third petition     ☐

(d)  If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why:  _____

_____

_____

_____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court?  Yes ☐     No ☐

**GROUND TWO**: _____

_____
_____
_____
_____
_____

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?   Yes ☐         No ☐

(c) If yes, did you present the issue in a:
    Direct appeal          ☐
    First petition         ☐
    Second petition        ☐
    Third petition         ☐

(d)   If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why:   _____

_____
_____
_____
_____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?   Yes ☐         No ☐

7

**GROUND THREE**: _____

_____
_____
_____
_____
_____

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?   Yes ☐          No ☐

(c) If yes, did you present the issue in a:
      Direct appeal          ☐
      First petition          ☐
      Second petition        ☐
      Third petition         ☐

(d)   If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: _____

_____
_____
_____
_____

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?   Yes ☐          No ☐

**GROUND FOUR**: _____

_____
_____
_____
_____
_____

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?   Yes ☐          No ☐

(c) If yes, did you present the issue in a:
          Direct appeal          ☐
          First petition          ☐
          Second petition        ☐
          Third petition          ☐

(d)   If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why:  _____

_____
_____
_____
_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?   Yes ☐          No ☐

**Please answer these additional questions about this petition:**

13. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐      No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.   Attach a copy of any court opinion or order, if available: _____

_____

_____

_____

_____

_____

_____

14. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?      Yes ☐      No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

_____

15. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?   Yes ☐      No ☐

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

_____

    (b)   Date that the other sentence was imposed: _____

    (c)   Length of the other sentence: _____

    (d)   Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?      Yes ☐      No ☐

16. TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Section 2244(d) provides in part that:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of-

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: _____

_____
_____
_____

or any other relief to which Petitioner may be entitled.   (Money damages are not available in habeas corpus cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).


_____
**Signature of Petitioner**


_____     _____
Signature of attorney, if any                               Date

11